RULEY, JUDGE:
Claimant voluntarily admitted himself to Weston State Hospital on September 22, 1977, for treatment of nervous problems. He was originally placed on a medical ward, and, after two or three months, was transferred to the halfway house at Weston. The halfway house is a separate building which is the least supervised unit at Weston. There are no guards on the unit, and only one aide for approximately 40 patients. The halfway house is reserved for the least troublesome patients and those about to be released. They are free to move about the hospital grounds until curfew. On December 8, 1977, claimant was sitting in an office in the Rehabilitation Building, when he was attacked by another patient who resided at the halfway house. The other patient had entered an unlocked woodshop and obtained a wrench with which he struck claimant behind the left ear. Claimant alleges that respondent negligently breached its duty towards claimant by failing to exercise care to protect him from the other patient. Claimant seeks an award of $12,000.00.
Following the assault, claimant became disoriented and began vomiting. He suffered a seizure of three to five minutes in duration. A laceration by the left ear requiring suturing. Claimant was hospitalized until December 22, 1977. The injury has resulted in a hearing loss in claimant’s left ear, and he testified that he experienced severe headaches, numbness in his left side and arm, and blurred vision immediately after the attack. While these last problems have diminished over time, claimant testified that he still has headaches several times a month as well as numbness in his left hand. He did not have these problems prior to the assault.
*490 The patient who attacked the claimant was transferred to the halfway house on September 15, 1977. Evidence was presented which indicated that he had a history of violent behavior, but he had shown improvement prior to his transfer to the halfway house. Claimant testified that the other patient had acted hostilely towards him, calling him a “white son-of-a-bitch” about a month before the assault. Claimant also stated that the other patient once had thrown an ashtray at another patient. Joel Flaxer, administrative assistant at Weston, confirmed that this incident occurred several weeks prior to the assault on claimant.
On December 8, the patient who attacked the claimant entered the unlocked woodshop alone and unsupervised, even though patients were not supposed to do so without being accompanied by an instructor. Flaxer testified:
“. . .1 have spoken with Mr. Sutlip who was then the head of the rehab unit, chief of vocational rehabilitation at Weston State Hospital, and the indication I got from him was that the area was just left, the tools were there and were available if somebody was in the area. They were not locked up and put away.”
Mr. Flaxer also indicated that the woodshop was no longer in use because there was no instructor.
The evidence in this claim established the violent, unpredictable nature of the patient who attacked the claimant, but also indicated improvement on his part, just prior to his placement in the halfway house. The Court is not prepared to find that the transfer itself was an act of negligence; the Court recognizes the need to grant patients certain privileges in return for more acceptable behavior. However, the Court previously has held that the State has an obligation to exercise ordinary care to protect patients in its mental institutions from harm at the hands of other patients. House vs. Dept. of Mental Health, 10 Ct.Cl. 58 (1974). Permitting the unused woodshop to remain unlocked, thereby allowing unsupervised patients access to tools, was an omission constituting negligence on the part of respondent and was the proximate cause of the injuries claimant sustained. In view of the evidence respecting *491 the nature and extent of those injuries, the Court is of the opinion that $8,000.00 is a fair award.
Award of $8,000.00.